JONATHAN ALLAN KLEIN (SBN 162071)
ANNMARIE M. LIERMANN (SBN 215116)
KELLY, HOCKEL & KLEIN P.C.
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendant
RITE AID CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KIMBERLY BEAGLE, | Case No.: CV08-1517-PJH |
|---|---|
| Plaintiff, | **DEFENDANT RITE AID CORPORATION'S NOTICE OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RITE AID'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1))** |
| vs. | |
| RITE AID CORPORATION; and DOES 1 TO 100, INCLUSIVE, | |
| Defendants. | |
| | Date: Wednesday, June 4, 2008 |
| | Time: 9:00 a.m. |
| | Dept.: Courtroom 3, 17th Fl. |
| | Accompanying documents: |
| | 1. Request for Judicial Notice; |
| | 2. [Proposed] Order. |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF KIMBERLY BEAGLE AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Wednesday, June 4, 2008 at 9:00 a.m. in Courtroom 3 of the above-referenced court, located at 450 Golden Gate Ave.,

---

1  San Francisco, California, Judge Phyllis A. Hamilton, presiding, defendant Rite
2  Aid Corporation will and hereby does move for an order of dismissal pursuant
3  to Federal Rule of Civil Procedure 12(b)(1) of the disability harassment claims
4  alleged against Rite Aid by Plaintiff Kimberly Beagle ("Plaintiff").
5  　　　Defendant moves on the grounds that Plaintiff failed to exhaust her
6  administrative remedy on the disability harassment claim (the Second Cause of
7  Action) by not alleging disability as a basis for discrimination nor any acts of
8  disability harassment in her administrative agency complaint.
9  　　　The motion is based on this Notice of Motion and Motion, the Request for
10 Judicial Notice in support of the motion, the pleadings and papers filed in this
11 action, and upon such other oral and documentary evidence as may be made
12 at the hearing of the motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

15 　　　This Court lacks subject matter jurisdiction of Plaintiff Kimberly Beagle's
16 cause of action for disability harassment in her civil complaint, a cause of
17 action remote from the claims of sexual harassment she made in her
18 Department of Fair Employment and Housing (DFEH) complaint.
19 　　　Plaintiff alleged in her initial and amended DFEH charges that her
20 supervisor, Christopher Young, sexually harassed her through unwanted
21 sexual advances and placing his head between her legs (or vice versa; the
22 participants' roles switched between the initial and amended administrative
23 charges). Plaintiff checked only the box labeled "Sex" as a cause for
24 discrimination. She also alleged no facts in her administrative complaint that
25 would reasonably lead a DFEH investigator to uncover acts of disability
26 harassment.
27 　　　By not alleging disability as a basis for harassment in her DFEH charge,
28 Plaintiff failed to exhaust her administrative remedy as to her Second Cause of

Action in her civil complaint. The Court thus lacks subject matter jurisdiction over that cause of action. The disability harassment claim, therefore, should be dismissed.

## II.   ALLEGATIONS OF COMPLAINTS

In her initial DFEH complaint, filed on June 9, 2006, Plaintiff alleged only harassment on the basis of her sex. (*See* Request for Judicial Notice, Ex. 1.) She stated in the narrative portion of that complaint that Supervisor Chris Young harassed her through unwanted sexual advances and by putting his head between her legs. (*See id.*) She made no allegations at all regarding disability. (*See id.*)

In her amended complaint, filed February 7, 2007, Plaintiff again alleged only harassment on the basis of her sex. (*See* Request for Judicial Notice, Ex. 2.) She again alleged that Mr. Young harassed her by making unwanted sexual advances toward her. (*See id.*) However, this time, instead of claiming that Mr. Young put his head between her legs, she alleged that Mr. Young forced Plaintiff's head between his legs. (*See id.*) Again, however, Plaintiff made no allegations related to any disability. (*See id.*)

In her complaint in this lawsuit, filed on March 19, 2008, Plaintiff alleged causes of action for sexual harassment, sex discrimination and disability harassment, amongst other causes of action. (*See* Request for Judicial Notice, Ex. 3.) In the general allegations section of her complaint, Plaintiff made several allegations of Mr. Young's comments to her of a sexual nature. (*See id.*) However, Plaintiff also, for the first time, asserted a claim for disability harassment. (*See id.*) She alleged that during her entire employment with Rite Aid, she suffered a physical and/or mental disability that limited her ability to work. (*See id.*, ¶ 35.) Plaintiff did not allege acts by Rite Aid specific to disability.

## III.   LEGAL ARGUMENT

Plaintiff's cause of action for disability harassment in the civil complaint is not like or reasonably related to her claims of discrimination and harassment based on her sex, as alleged in the DFEH complaint. This Court is thus without subject matter jurisdiction as to the disability harassment claim. It must be dismissed.

A defendant may move to dismiss a complaint or a cause of action therein by asserting a Court's lack of subject matter jurisdiction. (*See* FRCP 12(b)(1).)

All bases of employment discrimination alleged in a civil complaint must first be alleged in an administrative complaint. (*See Shah v. Mt. Zion Hospital* (9th Cir. 1981) 642 F.2d 268; *Yurick v. Superior Court (Antonetti)* (1989) 209 Cal.App.3d 1116, 1121.) To exhaust administrative remedies as to a particular act made unlawful by the Fair Employment and Housing Act (FEHA), California Government Code section 12900, *et seq.*, the claimant must specify that act in the administrative complaint. (*See Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613.) In the context of FEHA, the exhaustion of administrative remedies is a jurisdictional, not merely a procedural, prerequisite. (*See id.* at 1614.)

An employee may seek judicial relief for incidents not listed in his administrative charge only if the judicial complaint encompasses discrimination like or reasonably related to the allegations of the administrative charge. (*See Oubichon v. North American Rockwell Corp.* (9th Cir. 1973) 482 F.2d 569, 571; *see also Shah, supra* (affirming dismissal of the plaintiff's claims for race, color, and gender discrimination, when the plaintiff's administrative complaint only included charges of sex and national origin discrimination; *Yurick, supra* (issuing a writ of mandate directing the trial court to vacate its order denying the defendant's motion for summary judgment, holding that the

plaintiff failed to exhaust her administrative remedies when her administrative complaint was only for gender discrimination but she sued for age harassment).) A claim is "like or reasonably related" to those in the administrative charge if it would have been investigated in the administrative agency's expected investigation of claims included in the administrative complaint. (*See Sosa v. Hiraoka* (9th Cir. 1990) 920 F.2d 1451, 1456-1457.)

This case is identical to a Ninth Circuit case where the appellate court affirmed the dismissal of the disability claims of a plaintiff who only alleged race-based claims in his DFEH complaint. In *Rodriguez v. Airborne Express*, the plaintiff filed a DFEH complaint in which he marked only the "race" box as the basis for discrimination and alleged in the narrative that he was terminated because of his race. (*See Rodriguez v. Airborne Express* (9th Cir. 2001) 265 F.3d 890.) The DFEH investigated claims of race discrimination against the employer and closed its investigation. (*See id.* at 895.) The employee later sought to amend his DFEH charge to include an allegation of disability discrimination, which the DFEH allowed him to do though the statutory time in which to do so had passed while also alerting the plaintiff that the agency would not reopen its file. (*See id.* at 896.) The plaintiff then sued for disability discrimination. (*See id.*) The district court granted the defendant's partial summary judgment on the grounds of the plaintiff's failure to timely exhaust administrative remedies as to the disability claim. (*See id.*) The Ninth Circuit affirmed this holding. (*See id.* at 898.) The Ninth Circuit noted that the race and disability claims "involve totally different kinds of allegedly improper conduct." (*See id.* at 897.) The Ninth Circuit also cited *Okoli* for the proposition that a court could not properly construe the alleged claim to include the new claim when "the difference between the charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination." (*See id.* at 897, citing *Okoli*, 36 Cal.App.4th at 1615.) The

1  Ninth Circuit further noted that the charge of race discrimination was "very
2  specific," rendering it especially inappropriate to expand the civil action to
3  include other claims. (*See id.*)
4     Likewise, here, Plaintiff's cause of action for disability harassment is not
5  reasonably related to her claims that she was discriminated against and
6  harassed because of her sex, and as such this Court does not have subject
7  matter jurisdiction over the disability claim.  In both her initial and amended
8  DFEH complaints, Plaintiff alleged only that she was harassed because of her
9  sex.  She made very specific allegations as to the acts of sexual harassment,
10 claiming her supervisor harassed her via unwelcome sexual advances and
11 either the placement of Mr. Young's head between her legs or vice versa.
12 Moreover, Plaintiff did not allege any acts in the DFEH complaint that would
13 lead a DFEH investigator to also investigate claims of harassment on the basis
14 of her disability, including even the mere mention that she had a disability.
15 Investigation of the allegations of Mr. Young's very specific sex-related acts
16 would not lead a DFEH investigator to uncover and investigate acts of
17 harassment of Plaintiff based on a mental and/or physical disability.  The
18 DFEH also would not likely investigate claims of disability harassment because
19 Plaintiff did not identify disability as a basis for his claim of harassment,
20 neither by simply marking the line next to the word "disability" on the DFEH
21 Complaint nor by including any incidents of alleged disability discrimination in
22 the narrative.  Plaintiff knew how to amend her DFEH complaint, as she did
23 once, but did not amend the complaint to add any disability claims.
24    As such, Plaintiff's cause of action for disability harassment (the Second
25 Cause of Action) should be dismissed.
26 / / /
27 / / /
28

## IV. CONCLUSION

This Court lacks subject matter jurisdiction over Plaintiff's disability harassment cause of action (the Second), as she failed to exhaust her administrative remedies as to that claim. As in *Rodriguez*, here, investigation into the claim alleged in the administrative charge – the claim that Plaintiff's supervisor harassed her by unwanted sexual advances and the placement of his head between her legs – would not likely lead to an investigation of harassment based on an unpled mental and/or physical disability. The Court should thus dismiss Plaintiff's disability harassment cause of action, the Second Cause of Action, for lack of subject matter jurisdiction

DATED: April 24, 2008                    KELLY, HOCKEL & KLEIN P.C.


/s/ Annmarie M. Liermann
JONATHAN ALLAN KLEIN
ANNMARIE M. LIERMANN
Attorneys for Defendant
RITE AID CORPORATION

## PROOF OF SERVICE
### Kimberly Beagle v. Rite Aid Corporation, and DOES 1 to 100, inclusive
### USDC Northern District Case No.: CV08-1517-PJH

I, MARIA E. JAIME, declare:

I am employed in the City and County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2500, San Francisco, California 94104. I am over the age of 18 years and not a party to the foregoing action.

On *April 24, 2008*, I served the following Document: **DEFENDANT RITE AID CORPORATION'S NOTICE OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RITE AID'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)** on the interested parties in said action,

| | |
|---|---|
| Mark S. Adams, Esq.<br>David D. Cheng, Esq.<br>Mayall, Hurley, Knutsen, Smith & Green<br>2453 Grand Canal Blvd., Second floor<br>Stockton, CA 95207-8253<br>**Attorneys for Plaintiff** | (209) 477-3833 |

__X__ **(by mail)** by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above. At Kelly, Herlihy & Klein LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Francisco, California.

____ **(by personal delivery)** by having a true copy thereof personally delivered to the person listed above by a non-interested party employed by the law firm of Kelly, Herlihy & Klein LLP.

____ **(by Federal Express)** by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth above.

____ **(by facsimile transmission as indicated above)** by transmitting said document(s) from our office facsimile machine (415) 391-7808, to facsimile machine number(s) shown above. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct and that this declaration was executed on *April 24, 2008* at San Francisco, California.

_____
MARIA E. JAIME

Proof of Service