MAYALL, HURLEY, KNUTSEN, SMITH & GREEN
A Professional Corporation
2453 Grand Canal Boulevard, Second Floor
Stockton, California 95207-8253
Telephone (209) 477-3833
MARK S. ADAMS, ESQ.
CA State Bar No. 78706

**Attorneys for Plaintiff, Kimberly Beagle**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BEAGLE,<br><br>    Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION, a corporation; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.: CV08-1517-PJH<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS DISABILITY HARASSMENT CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date: Wednesday, June 4, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 17th Floor |

I

## INTRODUCTION

Plaintiff, KIMBERLY BEAGLE (hereinafter, BEAGLE) filed her civil Employment Discrimination Complaint (hereinafter, Complaint) on March 19, 2008 and alleged twelve causes of action. Defendant's motion only seeks dismissal of the second cause of action for disability harassment, and alleges the court does not have subject matter jurisdiction of the claim, because it is not like or related to her claim of sex discrimination as alleged in her DFEH Complaint of Discrimination (hereinafter, DFEH Complaint).

Defendant's motion should be denied for three alternative reasons. First, BEAGLE exhausted her administrative remedies with the Department of Fair Employment and Housing

(hereinafter, DFEH), by attaching a January 28, 2007 letter to her Amended Complaint of Discrimination that she intended to further describe the discrimination against her. This letter complains of disability harassment by RITE AID, and states, "I would like to add that …" (Ex. A, at Pg. 2). The letter describes the same set of facts detailed in BEAGLE'S Complaint in support of her disability harassment claim. (Complaint, at ¶16-19).

Second, BEAGLE'S disability claim is like or related to her sex discrimination claim and/ or could reasonably be expected to grow out of a DFEH investigation. BEAGLE did not allege a disability totally unrelated to her claims of sex discrimination. Rather, BEAGLE alleged post traumatic stress disorder, a disability she developed after experiencing the sexual harassment and that was further exacerbated by RITE AID'S failure to take appropriate action in sensitizing all concerned after BEAGLE reported the sexual harassment to RITE AID. (Complaint, at ¶ 16-19). She also specifically reported these facts to the DFEH in her letter. (Ex. A, at Pg. 2).

Third, the facts support application of the equitable exception to the exhaustion requirement. Through no fault of her own, BEAGLE did not specifically check the box next to disability on the face of her DFEH Complaint, or Amended DFEH Complaint. BEAGLE was not represented by counsel at the time her complaints were prepared by a DFEH employee, who she relied upon for guidance. (Dec. of Beagle, Ex. D; Ex. B. at Pg. 4). The DFEH File shows that BEAGLE informed the DFEH of her disability harassment claim and told them that she would like to add her disability harassment complaints to her Amended DFEH Complaint. (Ex. A, at Pg. 2). At that time, if not sooner, DFEH was made aware of the facts supporting her disability claim, but did not advise her that it would be necessary to amend her complaint to check the disability box. As a result, BEAGLE was misled into believing that she adequately presented the disability claim.

## II

## STATEMENT OF FACTS

BEAGLE filed her DFEH Complaint against Rite Aid on May 31, 2006. (Ex. C). When BEAGLE filed her DFEH Complaint, she was not represented by counsel and, as a result, relied

on the guidance of the DFEH. Her DFEH Complaint was completed by a DFEH employee and then sent to BEAGLE for her signature. (Dec. of Beagle, Ex. E). The DFEH Complaint alleged sex as the cause of discrimination against her and included a description of the most recent incident of sexual harassment by Chris Young on July 6, 2005.

During the investigation of her DFEH Complaint, BEAGLE discovered an inaccurate statement in Section II(D) of the DFEH Complaint. Section II(D) of the particulars portion of the DFEH Complaint described that BEAGLE "resisted the sexual harassment of Chris Young, by telling him, 'you can't do that', after he put his face between my legs", although Chris Young had actually pushed BEAGLE'S head into his intimate area. BEAGLE requested that her DFEH Complaint be amended to fix the inaccurate statement. Still not represented by an attorney, a DFEH employee prepared BEAGLE'S amended complaint and sent it out to her for signature. (Dec. of Beagle, Ex. E; Ex. B at 4). The Amended DFEH Complaint was revised and Section II(D) was changed to reflect that Chris Young "shoved [BEAGLE'S] head between his legs." (Ex. A). BEAGLE signed the Amended DFEH Complaint on January 29, 2007 and the San Francisco District Office of the DFEH received it on February 7, 2007. BEAGLE returned the signed Amended DFEH Complaint and attached additional statements contained in a letter dated January 28, 2007. The letter was addressed to Jackie, the DFEH consultant working on BEAGLE'S case. (Ex. A, at Pg. 2).

BEAGLE'S January 28, 2007 letter explained that BEAGLE "would like to add that the supervisors at Rite Aid continued to harass [her] after Mr. Young admitted to [the] wrongdoing and was fired." BEAGLE continued that when she brought in her sick leave papers to be signed, after being diagnosed with posttraumatic stress disorder, that the RITE AID supervisor, Cinda "literally threw the papers in my face and accused me of forging the Doctor[']s signature." She also explained that she was denied sick pay, and that Rite Aid employees spread lies throughout the community that was damaging to her, as well as her children. Id. BEAGLE also explained the same set of facts in a written statement that she provided to the DFEH on March 4, 2007. (Ex. D.)

The statements included in BEAGLE'S January 28, 2007 letter to Jackie of the DFEH are included and elaborated upon in the allegation portion of her Complaint filed against RITE AID. (Complaint, at ¶ 16-19). Paragraphs 16 thru 19 provide:

> 16. After reporting the sexual harassment, RITE AID failed to take appropriate action in sensitizing all concerned. RITE AID allowed rumors and hostility to develop in the Fortuna and Eureka stores against BEAGLE. The Store Manager, Leon Comerer told other employees and customers that he was terminated because of BEAGLE'S complaints of harassment. Store employees also gossiped about the complaints of harassment, and soon BEAGLE'S complaint was well known among her co-employees, as well as the residents of the small town of Fortuna. Employees also blamed BEAGLE for complaining of sexual harassment and the firing of Leon Comerer, as well as Chris Young. Because of the hostility, BEAGLE began to fear for own safety when leaving her home and was anxious that she might see Leon Comerer or other store employees. BEAGLE was terrified to return to work, as it was apparent that RITE AID had taken a "blame the victim" approach to her complaints and/or failed to prevent such an approach from developing among the employees and management.
>
> 17. As a result of the harassment and retaliation, BEAGLE was diagnosed with post traumatic stress disorder, anxiety, depression, trouble sleeping, possible occasional panic attacks, avoidance and feelings of abandonment; was prescribed medication; and put on medical leave by her doctors. BEAGLE had her medical prescriptions filled at the RITE AID store in Fortuna. Although she believed the information concerning the medications would remain confidential, BEAGLE later learned that an employee in the pharmacy department told other non-pharmacy RITE AID employees the type of medication that BEAGLE was taking. When she discovered that the type of medication she was taking had become public knowledge among the employees at the RITE AID store in Fortuna, BEAGLE complained to RITE AID about the disclosure of this private information.
>
> 18. BEAGLE returned to the RITE AID store in Fortuna, California on or about August 2005 to have her son drop off her doctor's notes to the supervisor on duty. BEAGLE remained in the car to avoid any social distress involved in returning to the store and being put into a position where she would have to confront Chris Young or other store employees. After receiving the doctor's note, Cinda Hussey, the supervisor on duty, came out of the store and confronted BEAGLE. Cinda Hussey accused BEAGLE of forging the doctor's signature and thereafter crumpled up the doctor's note and threw it in BEAGLE'S face.
>
> 19. Because of the continued harassment and retaliation against her BEAGLE did not return to work at the RITE AID store in Fortuna. Due to the hostile work environment at the RITE AID store in Fortuna, and acting upon the advice of her union representative, BEAGLE requested a transfer to the Eureka store. In

response to her request to transfer, Human Resources Manager, Steve Shipman told BEAGLE over the telephone that such a transfer would likely be impossible because of seniority issues. BEAGLE never heard any other response to her request to transfer until over a year later while BEAGLE'S claims, as set forth herein, were pending with the California Department of Fair Employment and Housing (hereinafter "DFEH") and the DFEH was trying to arrange a settlement. DFEH was unable to arrange a settlement and thereafter closed their investigation of BEAGLE'S claims. RITE AID terminated BEAGLE on or about April 2007, or approximately five days after the DFEH closed their investigation of BEAGLE'S claims.

## III

## ARGUMENT

A motion to dismiss under Rule 12(b)(1) for lack of subject jurisdiction may only be granted if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.' The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Evans v. B.F. Perkins Co. (4th Cir 1999) 166 F.3d 642, *citations omitted*.

"When reviewing dismissal of a complaint, we accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff." Sosa v. Hiraoka (9th Cir. 1990) 920 F.2d 1451, 1455 *citing* Love v. United States (9th Cir. 1989) 871 F.2d 1488, 1491. "Dismissal of a complaint is improper 'unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" Id., *citing* Love, *supra* at 1491. Defendant's motion to dismiss should be denied because, as shown below, the facts show that BEAGLE exhausted her administrative remedies on the disability harassment cause of action. In the very least the motion should also be denied because the material jurisdictional facts are in dispute as to whether BEAGLE exhausted her administrative remedies with the DFEH or whether the equitable exception to exhaustion should be applied.

///

## IV

## PLAINTIFF EXHAUSTED HER ADMINISTRATIVE REMEDIES.

**A.  PLAINTIFF'S DISABILITY CLAIM WAS INCLUDED IN HER AMENDED DFEH COMPLAINT.**

In attaching the January 28, 2007 letter to her Amended DFEH Complaint, BEAGLE intended to add the complaints that support her disability harassment claim. Thus, BEAGLE exhausted her administrative remedies on the disability harassment cause of action.

**B.  BEAGLE'S DISABILITY HARASSMENT CLAIM IS LIKE OR RELATED TO THE CLAIMS MADE IN HER DFEH COMPLAINT, OR COULD REASONABLY BE EXPECTED TO GROW OUT OF THE DFEH INVESTIGATION.**

It is well established that a plaintiff may proceed on a claim not specifically mentioned in a DFEH complaint if it is like or reasonably related to the claims made, or could reasonably be expected to grow out of a DFEH investigation. Peters v. Renaissance Hotel Operating Co. (7th Cir. 2002) 307 F.3d 535, 550. Although a DFEH complaint, rather than an EEOC charge is at issue here, the court may consider federal case law "[b]ecause the antidiscriminatory objectives and the overriding public policy purposes of the FEHA and title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. § 2000e) et seq.) are identical, we may refer to federal cases where appropriate, even though the two acts differ in some particulars." Baker v. Children's Hospital Medical Center (1989) 209 Cal.App.3d 1057, 1063, *citation omitted.*

Ninth Circuit case law provides that courts must construe the administrative complaint liberally in determining whether the claim is like or reasonably related, or could reasonably be expected to grow out of the DFEH investigation. In Sosa v. Hiaoka (9th Cir. 1990) 920 F.2d 1451, the Ninth Circuit Court of Appeal explained the proper analysis:

> "The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation. Green v. Los Angeles County Superintendent of Schools (9th Cir. 1989) 883 F.2d 1476. We therefore must examine proceedings before the EEOC to determine the scope of federal court jurisdiction in Sosa's case. In analyzing Sosa's EEOC charge, we must construe the charge liberally. Further, we must inquire 'whether the original EEOC investigation would have encompassed the additional charges' made in the court complaint but not included in the EEOC charge itself. In short, the

jurisdiction for Sosa's court action is not limited to the actual EEOC investigation, but can include the scope of an ' " 'EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" Sosa, at 1456, *citations omitted.*

BEAGLE'S disability harassment claim is like and reasonably related to the claims BEAGLE made in her DFEH Complaint. BEAGLE has not alleged a disability totally unrelated to her sex discrimination claim. Rather, BEAGLE alleged in her Complaint that she developed posttraumatic stress disorder after experiencing the sexual harassment and this disorder was further exacerbated by RITE AID'S failure to take appropriate action in responding to the complaint. RITE AID allowed rumors and hostility to develop in the Fortuna and Eureka stores against BEAGLE. The Store Manager, Leon Comerer told other employees and customers that he was terminated because of BEAGLE'S complaints of harassment. Store employees also gossiped about the complaints of harassment, and soon BEAGLE'S complaint was well known among her co-employees, as well as the residents of the small town of Fortuna … (Complaint, at ¶ 16). "As a result of the harassment and retaliation, BEAGLE was diagnosed with post traumatic stress disorder, anxiety, depression, trouble sleeping, possible occasional panic attacks, avoidance and feelings of abandonment; was prescribed medication; and put on medical leave by her doctors." (Complaint, at ¶ 17). "BEAGLE returned to the RITE AID store in Fortuna, California on or about August 2005 to have her son drop off her doctor's notes to the supervisor on duty. BEAGLE remained in the car to avoid any social distress involved in returning to the store and being put into a position where she would have to confront Chris Young or other store employees. After receiving the doctor's note, Cinda Hussey, the supervisor on duty, came out of the store and confronted BEAGLE. Cinda Hussey accused BEAGLE of forging the doctor's signature and thereafter crumpled up the doctor's note and threw it in BEAGLE'S face." (Complaint, at ¶ 18). The same facts were presented to the DFEH in her letter of January 28, 2007 that she intended to further describe the discrimination against her. Also because the same facts were presented in the January 28, 2007 letter, BEAGLE'S disability harassment claim could reasonably be expected to grow out of a DFEH investigation of her sex discrimination claim.

The circumstances present in this case are distinguishable from Rodriguez v. Airborne Express (9th Cir. 2001) 265 F.3d 890, the case Defendant's rely upon. In Rodriguez, the court found the disability claim was not like or related to his race discrimination claim because the "two claims involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other." Id. at 897. Here, BEAGLE'S disability claim is not totally unrelated to her sex claim. Unlike Rodriquez, BEAGLE'S disability harassment claim grew out of the sex claim. BEAGLE'S doctor diagnosed her with posttraumatic stress disorder, because of the sexual harassment and RITE AID'S response to her sexual harassment complaints. In Rodriguez, the plaintiff made only oral statements to the DFEH and did not send a letter back to the DFEH like BEAGLE, who expressed a written intention to add additional detail to her Amended DFEH Complaint that described and complained of disability harassment. Id. at 897. As a result, the case law cited by Defendants does not preclude the court from concluding that BEAGLE'S disability claim is like or reasonably related to the claims made, or could reasonably be expected to grow out of a DFEH investigation of her sex claim. Additionally, as explained in further detail below, although Rodriquez found that the plaintiff's disability discrimination claim was totally unrelated to his racial discrimination claim, the court determined that sufficient facts were alleged for application of the equitable exception to exhaustion.

C. **THE COURT SHOULD APPLY THE EQUITABLE EXCEPTION TO THE EXHAUSTION RULE.**

BEAGLE believes the facts described above show that she exhausted her administrative remedies on the disability claim; however, in the alternative, she requests that the court apply the equitable exception to exhaustion rule to find her failure to specifically check the disability box on the face of her DFEH charge to be excused. "The exhaustion of an administrative remedy is a *procedural prerequisite* to an action at law, and the failure to exhaust it does not divest a trial court of *subject matter jurisdiction*." Holland v. Union Pacific (2007) 154 Cal.App.4th 940, 946. The court may apply an equitable exception to maintain subject matter jurisdiction. Id.

Case law established an equitable exception for plaintiffs who "reasonably are misled through no fault of their own as a result of inaccurate advice from the DFEH." Id. The Ninth Circuit's decision in Rodriguez, *supra* at 900-902 also applied the equitable exception for a plaintiff who was told by the DFEH that his charge was sufficient to commence the administrative process, although his complaints of disability discrimination were not noted on the face of the charge. Relying on the decision in Denney v. Universal City Studios, Inc. (1992) 10 Cal.App.4th 1226, 1233-34, *abrogated on other grounds,* and its prior decision in Albano v. Schering-Plouygh Corp. (9th Cir. 1990) 912 F.2d 384, the Rodriguez court found that the plaintiff presented sufficient facts to permit equitable excusing his noncompliance with the exhaustion requirements. Rodriguez, at 902. "In *Denney,* the California court of appeal adopted the rule that equity may excuse noncompliance with exhaustion requirements under the FEHA, when the plaintiff's failure to comply can be attributed to the administrative agency (generally the DFEH) charged with processing his complaint." Id. at 900. The policy supporting application of the equitable exception is that the primary function of the DFEH charge "is to set in motion an [DFEH] investigation and conciliation, rather than to give notice to the employer of the claims against it." Id. at 901, fn. 10.

Similar to the plaintiff in Rodriguez, BEAGLE notified the DFEH of her disability harassment claim. BEAGLE did so in writing as shown by her January 28, 2007 letter to Jackie of the DFEH. BEAGLE intended this letter to supplement or add to the Amended DFEH Complaint that the DFEH had prepared on her behalf. BEAGLE was not represented by counsel, and no one at the DFEH told her that the letter was insufficient. In fact, when DFEH said nothing, BEAGLE was led to believe that she had complied with the applicable requirements. Under the authority of Rodriguez, supra at 900-902, such circumstances are sufficient to apply to the equitable exception.

///

///

///

# V

## CONCLUSION

The motion to dismiss should be denied, because the court has subject matter jurisdiction of the disability harassment claim. Although the disability box was not checked on the face of BEAGLE'S Amended DFEH Complaint, BEAGLE intended her January 28, 2007 letter to further describe the discrimination against her and the letter complains of disability harassment. Additionally, BEAGLE'S disability harassment claim is like or reasonably related to the claims made on the face of her Amended DFEH Complaint, and could reasonably be expected to grow out of the DFEH investigation. As shown by paragraphs 16 thru 19 of her complaint, her disability, namely post traumatic stress disorder, emanates from the sexual harassment she experienced from her supervisor, Chris Young and was exacerbated by RITE AID'S failure to take appropriate action in response to her sexual harassment complaint. The motion should also be denied, because BEAGLE set forth sufficient facts to show that the equitable exception to exhaustion should be applied to her disability claim.

**DATED:** May 14, 2008

                        **MAYALL, HURLEY, KNUTSEN, SMITH & GREEN**

                        By      /s/ Mark S. Adams
                              MARK S. ADAMS