JONATHAN ALLAN KLEIN (SBN 162071)
ANNMARIE M. LIERMANN (SBN 215116)
KELLY, HOCKEL & KLEIN P.C.
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendant
RITE AID CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BEAGLE,<br><br>  Plaintiff<br><br>vs.<br><br>RITE AID CORPORATION; and DOES 1 TO 100, INCLUSIVE,<br><br>  Defendants. | Case No.: CV08-1517-PJH<br><br>**DEFENDANT RITE AID CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RITE AID'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1))**<br><br>Date: Wednesday, June 4, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 17th Fl. |

I.  INTRODUCTION

Plaintiff attempts to make Rite Aid's motion to dismiss about Plaintiff's failure to check a box on the DFEH's complaint form. That is simply not the case. It is Plaintiff's failure to allege in her DFEH complaint *any facts* that could conceivably lead a DFEH investigator to investigate a claim of disability harassment that precludes her disability claim in this lawsuit. Moreover, equity does not allow Plaintiff's disability harassment claim to survive, as Plaintiff has not shown her diligent pursuit of her agency complaint nor any misrepresentation by the DFEH on which she relied. The Court should grant Rite Aid's motion pursuant to Federal Rule of Civil Procedure 12(b)(1),

dismissing Plaintiff's disability harassment claim for her failure to exhaust administrative remedies as to that claim and resulting lack of subject matter jurisdiction.

## II. LEGAL ARGUMENT

This motion concerns much more than Plaintiff's failure to check the disability box on her DFEH complaint form; it involves a patent failure by Plaintiff to attempt to allege any claims related to her disability in either her initial nor amended agency complaints. Plaintiff's claim that she either exhausted her administrative remedies or, in the alternative, was excused from doing so is not supported by law or the facts (including the facts in Plaintiff's declaration). First, that Plaintiff annexed a handwritten note to her signed amended complaint does not automatically integrate the content of that note into her amended complaint. Second, just because Plaintiff's alleged disability and the harassment over the disability *followed* the alleged sexual harassment does not make her disability claims like or reasonably related to the sexual harassment that she alleged in her DFEH complaints, such that the disability harassment would necessarily be uncovered in a sexual harassment investigation. Finally, as Plaintiff neither diligently pursued her agency complaints nor relied on any misrepresentations by the DFEH, equity does not excuse Plaintiff's failure to exhaust administrative remedies. The Court should thus dismiss Plaintiff's disability harassment claim, over which it lacks subject matter jurisdiction.[1]

---

1. Plaintiff suggests, without outright arguing, that the exhaustion of an administrative remedy is a mere procedural prerequisite, and the failure to exhaust administrative remedies does *not* divest a trial court of subject matter jurisdiction. (*See* Plaintiff's Opposition at page 8, citing *Holland v. Union Pacific*, 154 Cal.App.4th 940, 946.) The California appellate court case Plaintiff cited conflicted with the case cited by Rite Aid, *Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607, 1614 (1995), which specifically holds that the failure to exhaust administrative remedies as to a claim divests the Court of

A. <u>Plaintiff's Handwritten Note Did Not Suffice As a Verified Administrative Complaint.</u>

Although Plaintiff claims that she did expressly include allegations of disability harassment in her DFEH complaints by the annexing of a handwritten note vaguely referencing some of the same acts alleged in the lawsuit, no case law supports her argument. In fact, the California Court of Appeal held to the contrary, holding that, in light of California Government Code section 12960's requirement that a DFEH complainant submit a signed, verified complaint in writing, a letter does not substitute as a formal charge. (*See Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515 (1996).) Plaintiff's January 28, 2007 note (attached to her Request for Judicial Notice as Exhibit A) was unverified. Moreover, although Plaintiff requested that the DFEH amend the complaint as to whose head went between whose legs, she did not ask the DFEH to amend the charge to include the acts stated in her handwritten note. The mere annexing of a note to a verified, written complaint does not make the allegations part of a complaint. As such, the January 28, 2007 note does not suffice as allegations of disability harassment.

B. <u>The Alleged Acts of Disability Harassment in Plaintiff's Complaint Are Not Like or Reasonably Related to the Acts of Sexual Harassment Alleged Before the DFEH Simply Because the Former Followed the Later.</u>

Plaintiff non-sensically argues that the acts of disability harassment alleged in her lawsuit (namely, a manager's act of throwing a doctor's note in Plaintiff's face and accusing her of forging the doctor's signature) are like or

---

jurisdiction over that claim. In any event, this Court has already settled that question by its August 13, 2007 holding in *Shek v. Stanford University Medical Center*: "Failure to exhaust administrative remedies before filing a complaint is a jurisdictional defect and strips the federal court of power to hear the case." (*See Shek v. Stanford University Medical Center*, 2007 U.S. Dist. LEXIS 61370, 4 (Aug. 13, 2007).)

reasonably related to the acts of sexual harassment alleged before the DFEH because the disability harassment followed the sexual harassment.

First, that argument defies logic; that one act follows another does not necessarily mean that the two are causally related.

Second, Plaintiff's argument that an investigation of disability harassment could reasonably be expected to grow out of the DFEH investigation of her very specific allegations of sexual harassment is without legal support. Plaintiff cites only *Sosa v. Hiaoka*, 920 F.2d 1451 (9th Cir. 1990), in support of this argument. However, plaintiff Sosa's purportedly unexhausted claims were about the same protected status (his national origin) as his unchallenged claims. Moreover, the Ninth Circuit found that Mr. Sosa had, in fact, alleged many of the same acts in his administrative complaint that he alleged in his lawsuit. To the contrary, Plaintiff here attempts to add a completely new protected status to the mix – disability. The acts that she alleges in her lawsuit were not mentioned anywhere in Plaintiff's DFEH complaints. Moreover, she did not allege just general "harassment" in her DFEH complaint, which might lead an agency investigator to project the net of his investigation broadly. Instead, Plaintiff alleged in her DFEH complaint *very specific* acts of sexual harassment by one individual, Chris Young. Such specific allegations would reasonably lead an investigator to inquire about those acts in particular and not the emotional consequences of those acts to Plaintiff or the acts of harassment by another supervisor related to the emotional consequences of the sexual harassment.

Furthermore, the facts stated in Plaintiff's January 28, 2007 note attached to the signed amended complaint do not give the DFEH reason to investigate the purported disability harassment. Again, under *Cole, supra*, an unverified letter does not substitute for a verified, written DFEH charge. Plaintiff's January 28, 2007 scrawled note was unverified and attached to a

signed, verified amended complaint. Moreover, although Plaintiff requested that the DFEH amend her complaint to change the facts as to whose head went between whose legs, she did not request an amendment to add the alleged acts of disability harassment. As such, merely by her note, a DFEH investigator would not reasonably believe that Plaintiff meant to include such a claim in her complaint, nor would the investigator's inquiry into Plaintiff's very specific allegations of sexual harassment by one supervisor reasonably expand into an investigation of the claims in Plaintiff's handwritten note.

Plaintiff's claims of disability harassment in her lawsuit are simply not like or reasonably related to her specific claims of sexual harassment alleged in her DFEH complaints. That she claims the disability claim – the acts of which Plaintiff never remotely suggested in her two DFEH complaints – sprung from the sexual harassment described in the DFEH complaints does not mean that a DFEH investigation would have reasonably encompassed investigation of the disability harassment. The Court should dismiss Plaintiff's disability harassment claim.

C. <u>Equity Does Not Excuse Plaintiff's Failure to Exhaust Her Administrative Remedies as to the Disability Harassment Claim.</u>

No equitable principle excuses Plaintiff's failure to allege any acts of disability harassment in either of her two DFEH complaints.

Equitable principles may save a claim from dismissal for failure to exhaust administrative remedies when the plaintiff: 1) diligently pursued her discrimination claim; 2) was misinformed or misled by the administrative agency responsible for processing his charge; 3) relied on the misinformed or misrepresentations of that agency, causing her to fail to exhaust her administrative remedies; and 4) was acting *pro se* at the time. (*See Rodriguez v. Airborne Express*, 265 F.3d 890 (9th Cir. 2001), citing *Denney v. Universal City Studios, Inc.*, 10 Cal.App.4th 1226, 1233-1234 (1992).) In *Rodriguez*, the

Ninth Circuit reversed the dismissal of the plaintiff's disability discrimination claim on failure to exhaust administrative remedies grounds. (*See id.*) The court held that a triable issue of fact existed as to whether equity excused the plaintiff's failure to allege disability discrimination in her DFEH complaint when he presented evidence that the DFEH investigator specifically told him that he could not allege a disability claim. (*See id.* at 902.)

Plaintiff meets only the last of the four *Denney* requirements. She did not pursue her discrimination claim diligently, in that she did not seek to amend her charge to "correct" a critical fact (*i.e.*, whose head went between whose legs) until *eight months* after the filing of the initial charge, and then did not ask that the amended complaint also contain facts of disability harassment. Plaintiff's lack of diligence is also demonstrated by her failure to *twice* inform the DFEH of the alleged acts of disability harassment (during the creation of the initial and amended charges), even though these acts of harassment occurred in August 2005, nearly a year before the filing of the initial charge.[2] Moreover, Plaintiff does not argue in her opposition brief that the DFEH gave her *any* misinformation. That Plaintiff says in her opposition brief that she had the unexpressed "intention" that the January 28, 2007 note supplement the amended complaint does not make the supplementation complete. However, the note does not say that Plaintiff wished to charge Rite Aid with disability harassment. Plaintiff appears to claim that the DFEH "misrepresented" that the disability claim would be added to her amended complaint by simply not saying anything in response to her January 28, 2007 note; however, the mere failure to speak does not equal a misrepresentation, particularly when Plaintiff's note did not clearly express Plaintiff's desire to add

---

2. See Plaintiff's letter of March 4, 2007, attached to her Request for Judicial Notice as Exhibit E, for reference to August 2005 events. See also Exhibit C, Plaintiff's initial DFEH charge filed on June 9, 2006, nearly a year after the claimed August 2005 events.

the facts within the note to her amended complaint. If Plaintiff wanted to add claims of disability harassment to her DFEH complaint, she knew who at the DFEH to contact and how to accomplish the amendment. She did not take any action to add facts of disability harassment to her DFEH complaint, through no fault of the DFEH.

As such, equity does not save Plaintiff's disability harassment claim from dismissal for her failure to exhaust administrative remedies as to it.

### III.   CONCLUSION

Contrary to Plaintiff's argument, it is not merely the failure to check a box on the DFEH complaint form that dooms Plaintiff's disability harassment claim for failure to exhaust administrative remedies. It is also her failure to take any action to assert facts of disability harassment in neither her initial nor amended DFEH complaint. The sexual harassment allegations in her DFEH complaints – very specific allegations of acts by a particular supervisor – are not like or reasonably related to the acts by a different supervisor of disability harassment that she alleged in her lawsuit. Moreover, her failure to include in her DFEH complaints any acts of disability harassment was through no misrepresentation by the DFEH. The Court should dismiss Plaintiff's disability harassment claim for her failure to exhaust administrative remedies.

DATED: May 21, 2008                                     KELLY, HOCKEL & KLEIN P.C.

/s/ Annmarie M. Liermann
JONATHAN ALLAN KLEIN
ANNMARIE M. LIERMANN
Attorneys for Defendant
RITE AID CORPORATION