```
1  JONATHAN ALLAN KLEIN (SBN 162071)
2  ANNMARIE M. LIERMANN (SBN 215116)
   KELLY, HOCKEL & KLEIN P.C.
3  44 Montgomery Street, Suite 2500
   San Francisco, CA 94104-4798
4  Tel.: (415) 951-0535
   Fax: (415) 391-7808
5
6  Attorneys for Defendant
   RITE AID CORPORATION
7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BEAGLE,<br><br>    Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION; and DOES 1 TO 100, INCLUSIVE,<br><br>    Defendants. | Case No.: CV08-1517-PJH<br><br>**ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Rite Aid hereby answers Plaintiff's Employment Discrimination Complaint as follows:

1. Answering Paragraph 1 of the Complaint, Rite Aid admits to the allegations of that paragraph.

2. Answering Paragraph 2 of the Complaint, Rite Aid admits to the allegations of that paragraph other than as to the identity of all defendants, as Rite Aid lacks sufficient information or knowledge to form a belief as to the truth of those allegations.

3. Answering Paragraph 3 of the Complaint, Rite Aid admits to the allegations of that paragraph.

---

ANSWER          CASE NO. CV-08-1517-PJH

4. Answering Paragraph 4 of the Complaint, Rite Aid admits that Defendant's actions are alleged to have occurred in Humboldt County.

5. Answering Paragraph 5 of the Complaint, Rite Aid lacks sufficient information or knowledge to form a belief as to the truth of the allegations of that paragraph and denies the allegations on that basis.

6. Answering Paragraph 6 of the Complaint, Rite Aid lacks sufficient information or knowledge to form a belief as to the truth of the allegations of that paragraph and denies the allegations on that basis.

7. Answering Paragraph 7 of the Complaint, Rite Aid can neither admit nor deny the allegations of that paragraph as that paragraph contains only conclusions of law.

8. Answering Paragraph 8 of the Complaint, Rite Aid admits the allegations of that paragraph.

9. Answering Paragraph 9 of the Complaint, Rite Aid admits to the allegations in the first two sentences but Rite Aid denies the allegations of the remainder of that paragraph.

10. Answering Paragraph 10 of the Complaint, Rite Aid denies the allegations of that paragraph.

11. Answering Paragraph 11 of the Complaint, Rite Aid denies the allegations of that paragraph.

12. Answering Paragraph 12 of the Complaint, Rite Aid denies that Plaintiff ever complained to Assistant Manager Lezlee Pough about Mr. Young's behavior. Rite Aid lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding why Plaintiff did not complain to Leon Comerer and so

denies those allegations on that basis. Answering the second Paragraph 12 (*sic*), Rite Aid admits that it promoted Mr. Young to the Shift Supervisor position, but denies the remainder of the allegations in that paragraph.

13. Answering Paragraph 13 of the Complaint, Rite Aid lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding when during Plaintiff's shift the action alleged in Paragraph 13 occurred. Rite Aid denies the remainder of the allegations in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Rite Aid denies that Plaintiff first returned to work after the alleged incident on July 8, 2005, as alleged in Paragraph 14, but admits that Plaintiff first talked to Mr. Comerer of July 6, 2005 conduct by Mr. Young on July 8, 2005. Rite Aid denies that Mr. Comerer "did not take her complaint seriously" and rolled his eyes in response to Plaintiff's complaint. Rite Aid lacks sufficient information or knowledge to form a belief as to the allegation that Plaintiff told Mr. Comerer he needed to address Mr. Young, but denies that Mr. Comerer told Plaintiff to "get to work." Rite Aid lacks sufficient information or knowledge to form a belief as to when Mr. Comerer left work on July 8, 2005, but admits that Mr. Young arrived at work at around 12 p.m. that day. Rite Aid lacks sufficient information or knowledge to form a belief as to what Plaintiff knew about Mr. Young being addressed, or the lack thereof, and why Plaintiff stated that she could not work for the remainder of that day but denies that Mr. Young was the only supervisor on duty when Plaintiff went home on July 8, 2005. Rite Aid lacks sufficient information or knowledge about what Ms. Hussey told Plaintiff that

day about being excused from work. Rite Aid admits that on July 9, 2005, Plaintiff was medically evaluated, diagnosed with a neck strain, and given a note to be excused from work.

15. Answering Paragraph 15 of the Complaint, Rite Aid lacks sufficient information or knowledge to form a belief as to the allegations of that paragraph and denies them on that basis.

16. Answering Paragraph 16 of the Complaint, Rite Aid admits that Plaintiff's complaint against Mr. Young was known by some of the store's employees but denies the remainder of the allegations of that paragraph.

17. Answering Paragraph 17 of the Complaint, Rite Aid denies the allegations of that paragraph except for the allegations that a doctor placed her on medical leave for two days and that Plaintiff had her prescriptions filled at the Fortuna Rite Aid store, which Rite Aid admits.

18. Answering Paragraph 18 of the Complaint, Rite Aid lacks sufficient information or knowledge to form a belief as to the allegations of that paragraph and denies those allegations on that basis.

19. Answering Paragraph 19 of the Complaint, Rite Aid denies the allegations of that paragraph except to admit that the DFEH was unable to arrange a settlement of Plaintiff's claim and Rite Aid terminated Plaintiff's employment in April 2007.

20. Answering Paragraph 20 of the Complaint, Rite Aid admits to the allegations of that paragraph.

21. Answering Paragraph 21 of the Complaint, Rite Aid admits that the DFEH issued Plaintiff a Right to Sue Notice on April 3, 2007 and that Plaintiff filed her action within a year of that date, but denies the remainder of the allegations in that paragraph.

ANSWER                                                                                              CASE NO. CV-08-1517-PJH
4

ANSWER    CASE NO. CV-08-1517-PJH

22. Answering Paragraph 22 of the Complaint, Rite Aid admits that Plaintiff mailed Rite Aid's registered agent for service of process a copy of the amended DFEH complaint on February 6, 2008. Rite Aid admits that the DFEH served a copy of Plaintiff's DFEH complaint on Rite Aid on June 22, 2006. Rite Aid denies that Plaintiff served Rite Aid with anything on March 5, 2008. Rite Aid admits that informal efforts to resolve Plaintiff's DFEH complaint were unsuccessful, but denies that Plaintiff had "no choice" but to file this lawsuit.

23. Answering Paragraph 23 of the Complaint, Rite Aid denies the allegations of that paragraph.

24. Answering Paragraph 24 of the Complaint, Rite Aid denies the allegations of that paragraph.

25. Answering Paragraph 25 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 24 and incorporates them by reference as if fully set forth herein.

26. Answering Paragraph 26 of the Complaint, Rite Aid can neither admit nor deny the allegations of that paragraph, as that paragraph contains only statements of the law.

27. Answering Paragraph 27 of the Complaint, Rite Aid admits the allegations of that paragraph.

28. Answering Paragraph 28 of the Complaint, Rite Aid denies the allegations of that paragraph.

29. Answering Paragraph 29 of the Complaint, Rite Aid denies the allegations of that paragraph.

30. Answering Paragraph 30 of the Complaint, Rite Aid denies the allegations of that paragraph.

| | | |
|---|---|---|
| 1 | 31. | Answering Paragraph 31 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 3 | 32. | [Rite Aid need not respond to Paragraph 32, as the Court dismissed Plaintiff's disability harassment claim.] |
| 5 | 33. | [Rite Aid need not respond to Paragraph 33, as the Court dismissed Plaintiff's disability harassment claim.] |
| 7 | 34. | [Rite Aid need not respond to Paragraph 34, as the Court dismissed Plaintiff's disability harassment claim.] |
| 9 | 35. | [Rite Aid need not respond to Paragraph 35, as the Court dismissed Plaintiff's disability harassment claim.] |
| 11 | 36. | [Rite Aid need not respond to Paragraph 36, as the Court dismissed Plaintiff's disability harassment claim.] |
| 13 | 37. | [Rite Aid need not respond to Paragraph 37, as the Court dismissed Plaintiff's disability harassment claim.] |
| 15 | 38. | [Rite Aid need not respond to Paragraph 38, as the Court dismissed Plaintiff's disability harassment claim.] |
| 17 | 39. | [Rite Aid need not respond to Paragraph 39, as the Court dismissed Plaintiff's disability harassment claim.] |
| 19 | 40. | Answering Paragraph 40 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 39 and incorporates them by reference as if fully set forth herein. |
| 22 | 41. | Answering Paragraph 41 of the Complaint, Rite Aid can neither admit nor deny the allegations of that paragraph, as that paragraph contains only statements of the law. |
| 25 | 42. | Answering Paragraph 42 of the Complaint, Rite Aid admits the allegations of that paragraph. |
| 27 | 43. | Answering Paragraph 43 of the Complaint, Rite Aid denies the allegations of that paragraph. |

ANSWER

44. Answering Paragraph 44 of the Complaint, Rite Aid denies the allegations of that paragraph.

45. Answering Paragraph 45 of the Complaint, Rite Aid denies the allegations of that paragraph.

46. Answering Paragraph 46 of the Complaint, Rite Aid denies the allegations of that paragraph.

47. Answering Paragraph 47 of the Complaint, Rite Aid denies the allegations of that paragraph.

48. Answering Paragraph 48 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 47 and incorporates them by reference as if fully set forth herein.

49. Answering Paragraph 49 of the Complaint, Rite Aid can neither admit nor deny the allegations of that paragraph, as that paragraph contains only statements of the law.

50. Answering Paragraph 50 of the Complaint, Rite Aid admits the allegations of that paragraph.

51. Answering Paragraph 51 of the Complaint, Rite Aid denies the allegations of that paragraph.

52. Answering Paragraph 52 of the Complaint, Rite Aid denies the allegations of that paragraph.

53. Answering Paragraph 53 of the Complaint, Rite Aid denies the allegations of that paragraph.

54. Answering Paragraph 54 of the Complaint, Rite Aid denies the allegations of that paragraph.

55. Answering Paragraph 55 of the Complaint, Rite Aid denies the allegations of that paragraph.

| | | |
|---|---|---|
| 1 | 56. | Answering Paragraph 56 of the Complaint, Rite Aid realleges and |
| 2 | | restates its responses to Paragraphs 1 through 55 and |
| 3 | | incorporates them by reference as if fully set forth herein. |
| 4 | 57. | Answering Paragraph 57 of the Complaint, Rite Aid can neither |
| 5 | | admit nor deny the allegations of that paragraph, as that |
| 6 | | paragraph contains only statements of the law. |
| 7 | 58. | Answering Paragraph 58 of the Complaint, Rite Aid admits the |
| 8 | | allegations of that paragraph. |
| 9 | 59. | Answering Paragraph 59 of the Complaint, Rite Aid denies the |
| 10 | | allegations of that paragraph. |
| 11 | 60. | Answering Paragraph 60 of the Complaint Rite Aid denies the |
| 12 | | allegations of that paragraph. |
| 13 | 61. | Answering Paragraph 61 of the Complaint, Rite Aid denies the |
| 14 | | allegations of that paragraph. |
| 15 | 62. | Answering Paragraph 62 of the Complaint, Rite Aid denies the |
| 16 | | allegations of that paragraph. |
| 17 | 63. | Answering Paragraph 63 of the Complaint, Rite Aid realleges and |
| 18 | | restates its responses to Paragraphs 1 through 62 and |
| 19 | | incorporates them by reference as if fully set forth herein. |
| 20 | 64. | Answering Paragraph 64 of the Complaint, Rite Aid can neither |
| 21 | | admit nor deny the allegations of that paragraph, as that |
| 22 | | paragraph contains only statements of the law. |
| 23 | 65. | Answering Paragraph 65 of the Complaint, Rite Aid denies the |
| 24 | | allegations of that paragraph. |
| 25 | 66. | Answering Paragraph 66 of the Complaint, Rite Aid denies the |
| 26 | | allegations of that paragraph. |
| 27 | 67. | Answering Paragraph 67 of the Complaint, Rite Aid denies the |
| 28 | | allegations of that paragraph. |

68. Answering Paragraph 68 of the Complaint, Rite Aid denies the allegations of that paragraph.

69. Answering Paragraph 69 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 68 and incorporates them by reference as if fully set forth herein.

70. Answering Paragraph 70 of the Complaint, Rite Aid can neither admit nor deny the allegations of that paragraph, as that paragraph contains only statements of the law.

71. Answering Paragraph 71 of the Complaint, Rite Aid admits that it was Plaintiff's employer at the time of the actions alleged in the complaint. Rite Aid denies the remainder of the allegations of that paragraph.

72. Answering Paragraph 72 of the Complaint, Rite Aid denies the allegations of that paragraph.

73. Answering Paragraph 73 of the Complaint, Rite Aid denies the allegations of that paragraph.

74. Answering Paragraph 74 of the Complaint, Rite Aid denies the allegations of that paragraph.

75. Answering Paragraph 75 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 74 and incorporates them by reference as if fully set forth herein.

76. Answering Paragraph 76 of the Complaint, Rite Aid denies the allegations of that paragraph.

77. Answering Paragraph 77 of the Complaint, Rite Aid denies the allegations of that paragraph.

78. Answering Paragraph 78 of the Complaint, Rite Aid denies the allegations of that paragraph.

ANSWER

79. Answering Paragraph 79 of the Complaint, Rite Aid denies the allegations of that paragraph.

80. Answering Paragraph 80 of the Complaint, Rite Aid denies the allegations of that paragraph.

81. Answering Paragraph 81 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 80 and incorporates them by reference as if fully set forth herein.

82. Answering Paragraph 82 of the Complaint, Rite Aid denies the allegations of that paragraph.

83. Answering Paragraph 83 of the Complaint, Rite Aid denies the allegations of that paragraph.

84. Answering Paragraph 84 of the Complaint, Rite Aid denies the allegations of that paragraph.

85. Answering Paragraph 85 of the Complaint, Rite Aid denies the allegations of that paragraph.

86. Answering Paragraph 86 of the Complaint, Rite Aid denies the allegations of that paragraph.

87. Answering Paragraph 87 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 86 and incorporates them by reference as if fully set forth herein.

88. Answering Paragraph 88 of the Complaint, Rite Aid can neither admit nor deny the allegations of that paragraph, as that paragraph contains only statements of the law.

89. Answering Paragraph 89 of the Complaint, Rite Aid denies the allegations of that paragraph.

90. Answering Paragraph 90 of the Complaint, Rite Aid denies the allegations of that paragraph.

| | | |
|---|---|---|
| 1 | 91. | Answering Paragraph 91 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 3 | 92. | Answering Paragraph 92 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 5 | 93. | Answering Paragraph 93 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 92 and incorporates them by reference as if fully set forth herein. |
| 8 | 94. | Answering Paragraph 94 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 10 | 95. | Answering Paragraph 95 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 12 | 96. | Answering Paragraph 96 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 14 | 97. | Answering Paragraph 97 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 16 | 98. | Answering Paragraph 98 of the Complaint, Rite Aid realleges and restates its responses to Paragraphs 1 through 97 and incorporates them by reference as if fully set forth herein. |
| 19 | 99. | Answering Paragraph 99 of the Complaint, Rite Aid can neither admit nor deny the allegations of that paragraph, as that paragraph contains only statements of the law. |
| 22 | 100. | Answering Paragraph 100 of the Complaint, Rite Aid admits to the allegations of the first sentence of Paragraph 100. Rite Aid denies the remainder of the allegations of Paragraph 100. |
| 25 | 101. | Answering Paragraph 101 of the Complaint, Rite Aid denies the allegations of that paragraph. |
| 27 | 102. | Answering Paragraph 102 of the Complaint, Rite Aid denies the allegations of that paragraph. |

| | |
|---|---|
| 1 | 103. Answering Paragraph 103 of the Complaint, Rite Aid denies the |
| 2 | allegations of that paragraph. |
| 3 | 104. Answering Paragraph 104 of the Complaint, Rite Aid denies the |
| 4 | allegations of that paragraph. |
| 5 | 105. Answering Paragraph 105 of the Complaint, Rite Aid denies the |
| 6 | allegations of that paragraph. |

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

As a first and separate affirmative defense to the Complaint, Rite Aid alleges that the Complaint and each cause of action therein is barred as Plaintiff failed to timely and properly exhaust her administrative remedies.

SECOND AFFIRMATIVE DEFENSE

As a second and separate affirmative defense to the Complaint, Rite Aid alleges that the Complaint, and each cause of action alleged therein, is barred by various statutory periods of limitations, including but not limited to those in California Government Code sections 12960 and 12965(b), and those in California Code of Civil Procedure sections 312 through 366.2.

THIRD AFFIRMATIVE DEFENSE

As a third and separate affirmative defense to the Complaint, Rite Aid alleges that Plaintiff's claims are barred as she failed to mitigate her damages.

FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense to the Complaint, Rite Aid alleges that the Complaint is barred in whole or in part by the exclusive remedy doctrine of California's Workers' Compensation laws, *inter alia*, at California Labor Code section 3600, *et seq.*

#### FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense to the Complaint, Rite Aid alleges that each and every claim alleged in the Complaint is barred, in whole or in part, by the doctrines of waiver and consent.

#### SIXTH AFFIRMATIVE DEFENSE

As a sixth and separate affirmative defense to the Complaint, Rite Aid alleges that Plaintiff is estopped by reason of her own conduct, acts or omissions, or those of her agents, from recovering against Rite Aid on any purported cause of action contained in the Complaint.

#### SEVENTH AFFIRMATIVE DEFENSE

As a seventh and separate affirmative defense to the Complaint, Rite Aid alleges that each and every claim alleged in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

#### EIGHTH AFFIRMATIVE DEFENSE

As an eighth and separate affirmative defense to the Complaint, Rite Aid alleges that it: (a) exercised reasonable care to prevent and correct promptly any unlawfully discriminatory behavior and (b) Plaintiff unreasonably failed to take advantage of any preventative and corrective opportunities provided by Rite Aid to avoid harm otherwise.

#### NINTH AFFIRMATIVE DEFENSE

As a ninth and separate affirmative defense to the Complaint, Rite Aid alleges that the claims set forth in the Complaint are barred to the extent that Rite Aid undertook a prompt, effective, and reasonable investigation of the matters alleged.

#### TENTH AFFIRMATIVE DEFENSE

As an tenth and separate affirmative defense to the Complaint, Rite Aid alleges that it did not have timely knowledge, constructive or otherwise, of the inappropriate behavior alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh and separate affirmative defense to the Complaint, Rite Aid alleges that Plaintiff has unreasonably delayed in bringing this action to Rite Aid's prejudice, and is therefore barred from bringing this action by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate affirmative defense to the Complaint, Rite Aid alleges that Plaintiff's claims are barred to the extent that she engaged in any fraud or misconduct which, if known, would have caused Plaintiff not to be hired or to be terminated before the date of her actual termination.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate affirmative defense to the Complaint, Rite Aid alleges that all of its acts and omissions relative to the terms and conditions of Plaintiff's employment at Rite Aid were predicated upon legitimate, non-discriminatory reasons and Rite Aid's legitimate business interests.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth and separate affirmative defense to the Complaint, Rite Aid alleges that Plaintiff may not recover punitive damages for discriminatory employment decisions contrary to the policies Rite Aid has instituted in good faith against wrongful conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth and separate affirmative defense to the Complaint, Rite Aid alleges that each and every claim alleged in the Complaint is barred, in whole or in part, by the doctrine of equity.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth and separate affirmative defense, Rite Aid alleges that all of its actions as alleged in the Complaint were reasonable and taken in good faith.

WHEREFORE, Rite Aid prays for judgment in its favor as follows:

1. That Plaintiff take nothing by way of her Complaint;
2. That Rite Aid be awarded the costs of suit and attorneys' fees; and
3. For such other and further relief as the Court may deem just and proper.

DATED: June 18, 2008                KELLY, HOCKEL & KLEIN P.C.


/s/ Annmarie M. Liermann
JONATHAN ALLAN KLEIN
ANNMARIE M. LIERMANN
Attorneys for Defendant
RITE AID CORPORATION

### DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury.

DATED: June 18, 2008                KELLY, HOCKEL & KLEIN P.C.


/s/ Annmarie M. Liermann
JONATHAN ALLAN KLEIN
ANNMARIE M. LIERMANN
Attorneys for Defendant
RITE AID CORPORATION

ANSWER                                                          CASE NO. CV-08-1517-PJH

15