1  JONATHAN ALLAN KLEIN (SBN 162071)
   ANNMARIE M. LIERMANN (SBN 215116)
2  KELLY, HOCKEL & KLEIN P.C.
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104-4798
   Tel.: (415) 951-0535
4  Fax:  (415) 391-7808

5

6  Attorneys for Defendant
   RITE AID CORPORATION

7

8  MAYALL, HURLEY, KNUTSEN, SMITH & GREEN
   A Professional Corporation
9  2453 Grand Canal Boulevard, Second Floor
   Stockton, California 95207-8253
10 Telephone (209) 477-3833
   MARK S. ADAMS, ESQ.
11 CA State Bar No. 78706
   KIMBERLY D. WILLY
12 CA State Bar No. 190433

13 Attorneys for Plaintiff, Kimberly Beagle

14

15             UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17

18 KIMBERLY BEAGLE,                    ) Case No.: CV08-1517-PJH
                                       )
19            Plaintiff,               ) **JOINT CASE MANAGEMENT
                                       ) STATEMENT**
20       vs.                           )
                                       )
21 RITE AID CORPORATION; and DOES      )
   1 TO 100, INCLUSIVE,                ) Date: Thursday, August 14, 2008
22                                     ) Time: 2:30 p.m.
            Defendants.                ) Dept.: Courtroom 3, 17th Floor
23                                     )

24      The parties jointly submit this case management statement.

25      1.    Jurisdiction and Service:  This court has subject matter

26            jurisdiction over this lawsuit (exclusive of claims that Rite Aid has

27            or may challenge for Plaintiff's failure to exhaust administrative

28            remedies) by virtue of diversity of citizenship.  Plaintiff is a citizen

1    of California whose claims for relief exceed $75,000.  Rite Aid is a

2    Delaware corporation with its principle place of business in

3    Pennsylvania.

4    2.    Facts:

5          Plaintiff asserted 12 causes of action against Rite Aid arising

6    from her employment as a Sales Clerk/Cashier at the Rite Aid drug

7    store located in Fortuna, California.  Her causes of action include

8    sexual harassment, sex discrimination, failure to prevent

9    discrimination and harassment, retaliation, wrongful termination

10   in violation of public policy, retaliation under Labor Code section

11   1102.5, battery, sexual assault and battery, intentional infliction of

12   emotional distress, and invasion of privacy.  The disability

13   harassment cause of action was dismissed following Rite Aid's

14   motion to dismiss pursuant to Federal Rule of Civil Procedure

15   12(b)(1).

16

17         Most of Plaintiff's causes of action arise from discrimination,

18   harassment, and retaliation she allegedly experienced while

19   working at Rite Aid's Fortuna, California store.  Among other

20   things, Plaintiff claims she was subjected to unwelcome lewd and

21   derogatory behavior and comments by Shift Supervisor Chris

22   Young, including an incident on July 6, 2005 when Mr. Young

23   allegedly pushed Plaintiff's head into his groin area and told her

24   that he liked her better down there.  Plaintiff alleges that after she

25   complained of the harassment, store management did not take her

26   complaints seriously and a "blame the victim" approach was

27   implemented by the store.  As a result, Plaintiff alleges she was

28   unable to return to work because of the intolerable working

conditions and was disabled with diagnosis of post traumatic stress disorder, anxiety and depression. She also alleges that she experienced neck strain from Chris Young's action of pushing down on her head on July 6, 2005. Plaintiff also claims sexual assault and battery from this incident. Plaintiff did not return to work at Rite Aid after she reported the July 6 incident on July 8, 2005. Plaintiff claims that she requested a job transfer to the Eureka store in early 2006, but that Rite Aid told her that it would not be possible because of issues of seniority.

Plaintiff's invasion of privacy cause of action arises from the alleged disclosure of Plaintiff's medications by Rite Aid pharmacy employees to non-pharmacy Rite Aid employees.

Plaintiff filed a charge of discrimination with the Department of Fair Employment (hereinafter, "DFEH") and Housing on June 9, 2006, complaining of discrimination and harassment on the basis of sex. After she received a right to sue from the DFEH, Rite Aid, on April 9, 2007, terminated Plaintiff's employment. Plaintiff filed another charge of discrimination with the DFEH on May 14, 2008 alleging discrimination, harassment and retaliation on the basis of sex and disability.

Rite Aid denies all liability, and claims that Plaintiff welcomed and, in fact, participated in the sexually-charged comments and joking at the Fortuna store, including joking with Mr. Young. Moreover, Rite Aid takes the position that it terminated Plaintiff's employment for job abandonment, as Plaintiff had been on leave for nearly two years at the time of her termination. Rite Aid claims that it offered Plaintiff a transfer to Rite Aid's Eureka store in July

1    2005 and August 2006, but Plaintiff did not respond to either offer.

2    Plaintiff claims that she did not accept Rite Aid's offer to transfer,

3    because the offers were made while her DFEH claims were pending

4    and it was her understanding through the advice of the DFEH that

5    accepting the transfer would have prohibited her ability to recover

6    her medical bill, and she was told that Rite Aid had refused to pay

7    her medical bills.

8    3.   Legal Issues:  At this time, the parties do not dispute any of the

9    applicable law.

10   4.   Motions:  No motions are currently pending.  Rite Aid filed a

11   motion to dismiss Plaintiff's disability harassment claim on the

12   grounds of Plaintiff's failure to exhaust administrative remedies.

13   The Court granted that motion on June 4, 2008.  Rite Aid intends

14   to bring a motion for summary judgment pursuant to FRCP

15   12(b)(6) after sufficient discovery.

16   5.   Amendment of Pleadings:  Rite Aid does not anticipate amending

17   its answer.  Plaintiff is considering an amendment to her complaint

18   to add the DFEH charge filed on May 14, 2008 and the resulting

19   right to sue letter issued by the DFEH.  Rite Aid will oppose any

20   request for leave to amend to add these late-filed claims.

21   6.   Evidence Preservation:  Rite Aid knows of no electronically-

22   recorded material in this action.  It has taken steps to preserve the

23   documents in its possession pertinent to Plaintiff's sexual

24   harassment and termination-related claims.  As Rite Aid did not

25   know about the alleged invasion of privacy claim, it has not

26   specifically sought to preserve any potentially probative documents

27   related specifically to that claim, but has preserved Plaintiff's

28   pharmacy records as well as its own records relating to her

1  prescriptions as required by law.  After a diligent search and

2  reasonable inquiry, Plaintiff is not in possession of any

3  documentary evidence in need of preservation.

4  7.    <u>Disclosures:</u>  The parties exchanged initial disclosures on June 27,

5       2008.

6  8.    <u>Discovery:</u>

7       There are no proposed changes to the statutory limitations of

8       discovery rules.

9       Rite Aid has already propounded initial sets of special

10      interrogatories and requests for production.  Rite Aid anticipates

11      deposing Plaintiff, approximately three to five percipient witnesses,

12      and approximately two to three health care providers.

13      Plaintiff expects to propound and serve written discovery on

14      Defendant Rite Aid to include interrogatories, request for

15      production and request for admissions.  Plaintiff also anticipates

16      taking the depositions of the harasser, Chris Young; the store

17      manager, Leon Comerer; the Human Resources Manager, Steve

18      Shipman; supervisor Cinda Cooper; and supervisor Leslie Pogh;

19      the police officer that questioned Chris Young, as well as other

20      store employees who witnessed the harassment and discrimination

21      against Plaintiff.

22  9.    <u>Class Actions:</u>  Not applicable.

23  10.   <u>Related Case:</u>  None.

24  11.   <u>Relief:</u>  Plaintiff seeks special, general damages and punitive

25      damages from Rite Aid, as well as costs and statutory attorney's

26      fees.  Plaintiff seeks medical special damages exceeding $2,000.

27      She also seeks lost wages from July 8, 2005 through October 13,

1    2007.  Plaintiff earned $11.35 per hour ($454 per week), which

2    calculates to a wage loss of $53,572.

3    12.    <u>Settlement and ADR:</u>  The parties have agreed to private mediation

4    within 180 days of the case management conference, or on before

5    December 26, 2008.  The parties indicated this agreement on its

6    Stipulation and Proposed Order for ADR, filed on June 5, 2008.

7    Prior to mediation, Rite Aid must depose Plaintiff, who now lives in

8    Riverside County.  Furthermore, prior to mediation, one or both

9    parties will need to depose several employees of the Fortuna store

10    as of July 2005 (including the main alleged perpetrator of the

11    harassment, Christopher Young), many of whom no longer work

12    for Rite Aid and may be difficult to locate and most, if not all, of

13    whom Rite Aid expects live in or about Fortuna, California, which

14    is 250 miles from Defendant's counsel's office.

15    13.    <u>Consent to Magistrate Judge for All Purposes:</u>  The parties do not

16    consent to a magistrate judge for all purposes.

17    14.    <u>Other References:</u>  Not applicable.

18    15.    <u>Narrowing of Issues:</u>  Rite Aid requests the bifurcation of

19    presentation of evidence related exclusively to punitive damages

20    until after a finding of malice, oppression, or fraud.  At this time,

21    the parties do not know of any issues that can be narrowed by

22    agreement.  Rite Aid intends to move for summary adjudication of

23    any and all causes of action suitable for summary judgment after

24    sufficient discovery.

25    16.    <u>Expedited Schedule:</u>  This is not a case that can be handled on an

26    expedited schedule with a streamlined procedure, given the

27    amount in controversy and the number and distance of witnesses.

28    17.    <u>Scheduling:</u>  The parties have agreed to following schedule:

1         a.   Designations of experts, if any, on April 15, 2009;

2         b.   Non-expert discovery cut-off, on May 15, 2009;

3         c.   Supplemental designation of experts, on April 29, 2009

4         d.   Hearing of non-dispositive motions on or before May 22,

5             2009;

6         e.   Expert discovery cut-off on  August 5, 2009

7         f.   Hearing of dispositive motions, on or before June 26, 2009;

8         d.   Pretrial disclosures on August 5, 2009;

9         e.   Pretrial conference on August 7, 2009;

10        f.   Trial on September 7, 2009.

11   18.   <u>Trial:</u>  Both parties have requested trial by jury, with an expected

12        trial length of seven to ten days.

13   19.   <u>Disclosure of Non-Party Interested Entities or Persons:</u>  Rite Aid

14        has filed the Certification of Interested Entities or Persons,

15        certifying that the following listed persons, associations of persons,

16        firms, partnerships, corporations (including parent corporations) or

17        other entities (i) have a financial interest in the subject matter in

18        controversy or in a party to the proceeding, or (ii) have a non-

19        financial interest in that subject matter or in a party that could be

20        substantially affected by the outcome of this proceeding: Rite Aid

21        Corporation (the named defendant) and Thrifty Payless Inc. dba

22        Rite Aid.

23           Plaintiff is unaware of any interested entities or persons that

24        have a financial interest in the subject matter in controversy or in

25        a party to the proceeding, or any other kind of interests that could

26        be substantially affected by the outcome of the proceeding.

27   / / /

28   / / /

JOINT CMC STATEMENT                CASE NO. CV-08-1517-PJH

1    20.    <u>Other Matters:</u>  None.

2

3   DATED: August 1, 2008              MAYALL, HURLEY, KNUTSEN,
                                        SMITH & GREEN
4

5
                                        /s/ Mark S. Adams
6                                       MARK S. ADAMS
                                        KIMBERLY D. WILLY
7                                       Attorneys for Plaintiff
                                        KIMBERLY BEAGLE
8

9

10  DATED: August 1, 2008              KELLY, HOCKEL & KLEIN P.C.

11
                                        /s/ Annmarie M. Liermann
12                                      JONATHAN ALLAN KLEIN
                                        ANNMARIE M. LIERMANN
13                                      Attorneys for Defendant
                                        RITE AID CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CMC STATEMENT                                    CASE NO. CV-08-1517-PJH